**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-6560**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTHONY ANDREWS,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (CR-01-27-F; CA-02-44-7-F)

---

Submitted: September 27, 2004      Decided: November 3, 2004

---

Before LUTTIG, KING, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Anthony Andrews, Appellant Pro Se. Rudolf A. Renfer, Jr., Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Anthony Andrews appeals from the district court's denial of his motion for reconsideration of his motion to compel the Government to file a Fed. R. Crim. P. 35(b) motion on his behalf and the denial of his motion to recuse the district judge for not issuing a ruling on his motions as moot. Finding no error, we affirm.

Andrews' motion to compel alleged that the Government refused to file a motion to reduce his sentence pursuant to Rule 35(b) due to unconstitutional motives. The district court found that Andrews was subject to an earlier version of Rule 35(b) that mandated any Government motion to reduce a defendant's sentence must be filed within one year of the imposition of that sentence. Because the court found that any decision the Government made with regard to Andrews' assistance was made outside that one-year window, the court found Andrews could not have benefitted from a Rule 35(b) motion and, hence, his motion to compel was without merit.

"[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive." Wade v. United States, 504 U.S. 181, 186 (1992). A defendant must make a "substantial threshold showing" of improper motive to warrant an

evidentiary hearing.  Id.  "This court has followed the Supreme Court's lead and strictly interpreted the Wade exceptions, holding that the decision not to make a downward departure motion is properly within the government's discretion."  United States v. Butler, 272 F.3d 683, 686 (4th Cir. 2001).  Thus, unless the Government's refusal to file a motion is based on an unconstitutional motive such as race or religious animus, or is not rationally related to a legitimate governmental end, district courts are without authority to review a prosecutor's discretionary decision not to file a substantial assistance motion.  Id.

Because Andrews has failed to make a substantial threshold showing that the Government's decision not to file a Rule 35(b) motion was due to unconstitutional motives, we find it unnecessary to determine which version of Rule 35(b) applies to Andrews.  Although Andrews alleges the Government's decision not to allow him to substantially assist in the prosecution of two defendants violated Wade, the Government states it chose not to use the information Andrews provided because it was either unnecessary or cumulative.  Based on the record before us, we find that Andrews has failed to make the required threshold showing that the Government's decision was motivated by unconstitutional reasons. Because we are able to affirm the judgment of a district court on any basis supported by the record, we affirm the district court's denial of Andrew's motion for reconsideration on this basis.  See

Eisenberg v. Wachovia Bank, N.A., 301 F.3d 220, 222 (4th Cir. 2002).  We also affirm the denial as moot of his motion to recuse the district judge.  Additionally, we deny Andrews' motion to authorize production of transcripts at Government expense, as well as his motion to place this appeal in abeyance.  Finally, we grant his motion to file a response to the Government's informal brief.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED